

The Attorney General

of Texas

Austin, Texas 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 20, 1971

Hon. W. Murray Jordan
District Attorney
107 East Main
Brady, Texas 76825

Opinion No. M-1017

Re: Must private vehicles
used by volunteer fire-
men in responding to
fire alarms be equipped
with the audible and
visual signals required
by Section 124, Article
6701d, Vernon's Civil
Statutes, in order to
qualify such vehicle as
an "authorized emergency
vehicle" and related
questions.

Dear Mr. Jordan:

You have asked our opinion as to the applicability of
Section 124, Article 6701d, Vernon's Civil Statutes, requiring
audio and visual warning devices for emergency vehicles, to volun-
teer firemen answering fire alarms in their personal motor vehi-
cles. You ask our views as follows:

". . .The problem is, must every volunteer
fireman equip his private auto with such
audible and visual signals in order to be
classified as an authorized emergency vehi-
cle. Also may a volunteer fireman have such
lights (unlighted) on his vehicle at times
other than when answering fire alarms.

"Additionally, may the two alternately flash-
ing red lights be located inside the vehicle
in such a location as they may be seen through
both the front windshield and the rear window."

Section 124 of Article 6701d was amended by the 62nd
Legislature and now reads in pertinent part as follows:

"Sec. 124. (a). Every authorized emergency
vehicle shall, in addition to any other
equipment and distinctive markings required

-4962-

by this Act, be equipped with a siren, exhaust whistle or bell capable of giving an audible signal.

"(b) Every school bus and every authorized emergency vehicle shall, in addition to any other equipment and distinctive markings required by this Act, be equipped with signal lamps mounted as high and as widely spaced laterally as practicable, which shall be capable of displaying to the front two (2) alternately flashing red lights located at the same level and to the rear two (2) alternately flashing red lights located at the same level, and these lights shall have sufficient intensity to be visible at five hundred (500) feet in normal sunlight.

". . .

"(d) The alternately flashing lighting described in Subsections (b) and (c) of this section shall not be used on any vehicle other than a school bus or an authorized emergency vehicle."

Section 2(d) of Article 6701d, defines an "authorized emergency vehicle" to include:

"Vehicles of the fire department (fire patrol) . . . and private vehicles operated by volunteer firemen while answering a fire alarm."

It therefore seems clear that the private vehicle of a volunteer fireman, answering a fire alarm may qualify as an "authorized emergency vehicle", but only if the vehicle is equipped as provided in Section 124 of Article 6701d.

It additionally follows that the private vehicle of a volunteer fireman that will be used for answering fire alarms may have the lighting and audio signals required by Section 124 on his vehicle at all times so as to be in a position to make use of such when responding to fire alarms.

With respect to locating the prescribed lights inside the vehicle so as to be visible front and rear as required by Section 124, a question of fact arises as to whether such an installation meets the injunction of Section 124 to mount the signal

lamps "as high and as widely spaced laterally as practicable". In many cases where there is ample rear windshield lateral visibility, such an installation would probably meet the standards of the statute.

S U M M A R Y

A private vehicle used by volunteer firemen to respond to fire alarms must be equipped with the audible and visual signals required by Section 124, Article 6701d, Vernon's Civil Statutes, in order to qualify such vehicle as an "authorized emergency vehicle" as defined by Section 2(d), Article 6701d, Vernon's Civil Statutes. Such private vehicles may have such signals installed when not in use to answer fire alarms. The placement of such visual signals so as to satisfy the position requirements of Section 124 is a matter of fact depending on the vehicle involved.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bart Boling
Max Hamilton
Lewis Jones
William Craig

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant                    -4964-